UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AARON L. JACOBS, JR., FLORENCE
GOMEZ, AND MICHAEL LONG,

    Plaintiffs,

v.

MARRIOTT INTERNATIONAL ALOFT
HOTEL, JANE DOE NO. 1, CHELSEA
DEVRIES, S. SCHERMITZLER, AND BEN WALKER,

    Defendants.

Case No. 22-C-0386

2022 MAR 28 P 2:00

## COMPLAINT WITH JURY DEMAND

### STATEMENT OF THE CASE

This is a civil rights action filed *pro se* by Aaron Jacobs, Florence Gomez, and Michael Long for monetary, declaratory, and injunctive relief under the umbrella of 42 U.S.C. § 1983, alleging the illegal search and seizure of a free citizen in violation of the Fourth Amendment to the United States Constitution and alleging discriminatory behavior in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Further alleging discrimination in violation of Title II of the Civil Rights Act of 1964 under the umbrella of 42 U.S.C. § 2000a. Furthermore, alleging a breach in their right to make and enforce a contract in violation of 42 U.S.C. § 1981.

1

## JURISDICTION

1. This honorable court has jurisdiction over all plaintiffs claims of violations of federal constitutional rights pursuant to 42 U.S.C. §§ 1331(1) and 1343.

## PARTIES

2. Plaintiff Aaron Jacobs, born on ▮ 1989, was at all times relevant to this complaint a free citizen who is a recognized member of the following racial minority groups: Native American, Hispanic American, and African American.

3. Plaintiff Florence Gomez, born on ▮ 1993, was at all times relevant to this complaint a free citizen who is a recognized member of the following racial minority groups: Native American and Hispanic American.

4. Plaintiff Michael Long, born on ▮ 1957, was at all times relevant to this complaint a free citizen who is a recognized member of the following racial minority groups: Native American and Hispanic American.

5. Defendant Marriott International, a corporation which is located at 10400 Fernwood Road, Bethesda, Maryland, 20187, at all times relevant to this complaint was the owner of the Aloft Hotel set forth in No. 6 *infra*.

6. Defendant Aloft Hotel, a business which is located at 465 Pilgrim Way, Green Bay, Wisconsin, 54304, at all times relevant to this complaint was a place of public accommodation that enters into contractual relationships with transient guests by providing lodging thereto.

7. Defendant Jane Doe No. 1 at all times relevant to this complaint was a front desk concierge employee for defendant Aloft Hotels, who initially entered into a

contractual relationship with the plaintiff(s) by renting hotel rooms and providing accommodations thereto.

8. Defendant Chelsea Devries at all times relevant to this complaint was a night shift supervisor front desk concierge employee for defendant Aloft Hotels, who is responsible for the enforcement of contractual relationships between said hotel and transient guests such as the plaintiff(s).

9. Defendant S. Schermitzler at all times relevant to this complaint was the on-shift supervising patrol officer employed with the Ashwaubenon Public Safety Department located at 2155 Holmgren Way, Green Bay, Wisconsin, 54304. He is sued in his official and individual capacities.

10. Defendant Ben Walker at all times relevant to this complaint was a patrol officer employed with the Ashwaubenon Public Safety Department located at 2155 Holmgren Way, Green Bay, Wisconsin, 54304. He is sued in his official and individual capacities.

11. Defendants S. Schermitzler and Ben Walker have acted and continue to act under color of state law at all times relevant to this complaint.

### STATEMENT OF CLAIM

12. On or about September 28, 2018, while in the City of Green Bay, Wisconsin, being tired and homeless and in need of temporary lodging, plaintiff(s) Aaron Jacobs and Florence Gomez decided to call, reserve, and purchase a hotel room to share at the defendant Aloft Hotel which is located at 465 Pilgrim Way, Green Bay, Wisconsin, 54304.

13. It was further decided that plaintiff Aaron Jacobs's grandfather, who is plaintiff Michael Long, was financially indigent and also homeless and that plaintiff Aaron Jacobs would also reserve and purchase a second separate hotel room for plaintiff(s) Michael Long to share with his grandson, Javion Long.

14. That both hotel rooms aforementioned in numbers 13 and 14 *supra* were to be reserved and purchased in plaintiff Aaron Jacobs's name for upon information and belief approximately three days.

15. That via cellular phone plaintiff Florence Gomez contacted Aloft Hotel front desk concierge defendant Jane Doe No. 1 and inquired about reserving and purchasing two separate hotel rooms to which defendant Jane Doe No. 1 responded that per hotel policy cash would not be accepted but a bank card, credit card or prepaid debit card would be accepted.

16. After plaintiff Aaron Jacobs purchased and loaded money onto a prepaid debit card, plaintiff Florence Gomez again called defendant Jane Doe No. 1 to finish booking the two hotel rooms over the phone while en route to check into said hotel. Both rooms were reserved and purchased in plaintiff Aaron Jacobs's name.

17. That upon arrival as all other plaintiff(s) waited in the vehicle, plaintiff Aaron Jacobs entered the defendant Aloft Hotel lobby and approached the front desk concierge defendant Jane Doe No. 1 to check in and retrieve the hotel key cards to access aforesaid reserved rooms and in this process Jane Doe No. 1 directed plaintiff Aaron Jacobs as to what parking lot area along with which door all of the plaintiff(s) can utilize for easier access to their reserved rooms and heeding aforesaid directions, the plaintiff(s) parked the vehicle and proceeded to their reserved rooms without incident.

18. Then, later that evening, plaintiff Aaron Jacobs decided to utilize the hotel's bar and lounge accommodations which was actively catering to approximately twenty to thirty Caucasian hotel guests.

19. Shortly thereafter, as plaintiff Aaron Jacobs was minding his own business, not bothering anyone, and enjoying a drink in the hotel's lounge area, which is all in clear view of the hotel's front desk, defendant Chelsea Devries took it upon herself to electronically deactivate plaintiff Aaron Jacobs's hotel room key cards and call the Ashwaubenon Public Safety Department to report suspicious human trafficking activities against the plaintiff(s) and await for police officers to arrive and investigate.

20. Then, after finishing his drink and attempting to proceed back to his hotel room but being denied access thereto due to the inactive key card, plaintiff Aaron Jacobs proceeded to the front desk concierge defendant Chelsea Devries and requested the reactivation of his hotel room key card and in the process of reactivating aforesaid key card, defendant Chelsea Devries pursued plaintiff Aaron Jacobs in the following line of questioning which includes but is not limited to:

    a. So do you have your green card;

    b. What race are you;

    c. What would a person of your kind be doing at a place like this; and

    d. I'm sure there are cheaper hotels you could've picked around Green Bay.

21. Then a short while later, two Ashwaubenon Public Safety Officers, defendant(s) S. Schermitzler and Ben Walker entered the hotel's lobby, approaching plaintiff Aaron Jacobs and demanding his name and identification card to which plaintiff Aaron

Jacobs declined to disclose until defendant(s) S. Schermitzler and Ben Walker threatened to arrest and jail him.

22. Then, even though defendant(s) S. Schermitzler and Ben Walker contacted dispatch and cleared plaintiff Aaron Jacobs for warrants, they continued to interrogate and harass said plaintiff to the point that the hotel's bartender approached the situation and in plaintiff Aaron Jacobs's defense, conveyed his displeasure to defendant(s) S. Schermitzler and Ben Walker by making a statement to the effect of "I don't appreciate you coming in here harassing my patrons. You are racially discriminating, and this gentleman has done nothing wrong and was the most behaved person in here all night, minding his own business the entire time, etc."

23. Then, defendant S. Schermitzler informed the hotel's bartender that defendant Chelsea Devries called their police department and made a complaint that they are now investigating and that it is none of the hotel bartender's business.

24. Defendant Chelsea Devries then informed plaintiff Aaron Jacobs that he and his family are no longer welcome to stay at the hotel and that they must vacate the premises and, enforcing her wishes, defendant(s) S. Schermitzler and Ben Walker escorted plaintiff Aaron Jacobs to his room to make sure he packed his belongings and vacated the premises.

25. Defendants S. Schermitzler and Ben Walker also proceeded to plaintiff(s) Michael Long's hotel room, making contact by knocking on the door and informing said plaintiff(s) that they need to pack their belongings and vacate the premises to which said plaintiff(s) complied.

6

Case 1:22-cv-00386-WCG    Filed 03/28/22    Page 6 of 13    Document 1

26. While plaintiff Aaron Jacobs was packing their belongings, he called plaintiff Florence Gomez who left to visit family in the Green Bay area and informed her of the situation to which she became very distraught.

27. Plaintiff Aaron Jacobs then decided to utilize his cell phone to record defendant(s) S. Schermitzler and Ben Walker's explanation to gain a better understanding of what justification defendant's Chelsea Devries, S. Schermitzler and Ben Walker had to force any of the plaintiff(s) to vacate the hotel premises to which defendant S. Schermitzler explicated to the effect of: although plaintiff(s) did nothing wrong they displayed the following signs of human trafficking:

    a. Purchasing two hotel rooms, both in Aaron Jacobs's name;
    b. The name that the hotel concierge defendant Jane Doe No. 1 entered into the hotel's database was spelled "Erin" Jacobs but the name on plaintiff Aaron Jacobs's identification card is spelled "Aaron" Jacobs;
    c. Both rooms were purchased with a prepaid debit card;
    d. That all plaintiff(s) utilized the hotel's side entrance instead of the front entrance;
    e. That plaintiff(s) Aaron Jacobs and Florence Gomez entered one room and plaintiff Michael Long came in carrying a child, both entering the other room; and that although it was now clear that there was no human trafficking involved, defendant Chelsea Devries still wanted all plaintiff(s) to vacate the premises and then defendant S. Schermitzler suggested that plaintiff(s) find a "cheaper" hotel, etc. Plaintiff Aaron Jacobs later uploaded aforesaid video to his account on defendant Facebook, Inc.'s social media website.

28. Then, defendant(s) S. Schermitzler and Ben Walker escorted plaintiff(s) Aaron Jacobs, Michael Long, and Michael Long's grandson off the hotel premises to a cab where they later met up with plaintiff Florence Gomez to find a different hotel to lodge at.

## CLAIMS FOR RELIEF

29. The actions of defendant(s) Marriott International, Aloft Hotel; Jane Doe No. 1; and Chelsea Devries, in entering into a contractual relationship with plaintiff(s) Aaron Jacobs, Florence Gomez, and Michael Long, then defendant Chelsea Devries breaching aforesaid contract, motivated by racial bias constituted discrimination in violation of Title II of the Civil Rights Act of 1964 under the umbrella of 42 U.S.C. § 2000a.

30. The actions of defendant(s) Marriott International, Aloft Hotel, Jane Doe No. 1, and Chelsea Devries in entering into a contractual relationship with plaintiff(s) Aaron Jacobs, Florence Gomez, and Michael Long, then defendant Chelsea Devries breaching aforesaid contract motivated by racial bias violated aforesaid plaintiff(s)' right to make and enforce a contract under the umbrella of 42 U.S.C. § 1981.

31. The actions of defendant(s) S. Schermitzler and Ben Walker in detaining, interrogating, threatening, and harassing plaintiff Aaron Jacobs and then forcing all plaintiff(s) to vacate the hotel premises, all motivated by racial bias, constituted illegal search and seizure in violation of the Fourth Amendment to the United States Constitution under the umbrella of 42 U.S.C. § 1983.

32. The actions of defendant(s) S. Schermitzler and Ben Walker in detaining, interrogating, threatening, and harassing plaintiff Aaron Jacobs, then forcing all

plaintiff(s) to vacate the hotel premises all motivated by racial bias constituted discrimination in violation of Title II of the Civil Rights Act of 1964, under the umbrella of 42 U.S.C. § 2000a.

33. The actions of defendant(s) S. Schermitzler and Ben Walker in detaining, interrogating, threatening, and harassing plaintiff Aaron Jacobs, then forcing all plaintiff(s) to vacate the hotel premises, all motivated by racial bias in conjunction with defendant Chelsea Devries, constituted discrimination and the breach of a preexisting contractual relationship between defendant(s) Marriott International, Aloft Hotel, Jane Doe No. 1, and Chelsea Devries and plaintiff(s) Aaron Jacobs, Florence Gomez, and Michael Long, by violating aforesaid plaintiff(s) right to make and enforce said contract under the umbrella of 42 U.S.C. § 1981.

34. The actions of defendant(s) S. Schermitzler and Ben Walker in detaining, interrogating, threatening, and harassing plaintiff Aaron Jacobs, then forcing all plaintiff(s) to vacate the hotel premises, without probable cause and with racial animus, constituted racial discrimination in violation of the due process and equal protection clauses of the 14th Amendment to the United States Constitution.

**RELIEF REQUESTED**

WHEREFORE, plaintiff(s) request that this honorable court grant the following relief:

A. Issue a declaratory judgment stating that:

    1. The actions of defendant Chelsea Devries in discriminating against plaintiff(s) violated their rights under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a.

2. The actions of defendant Chelsea Devries in discriminating against plaintiff(s) violated their rights to make and enforce a contract violated 42 U.S.C. § 1981.

3. The actions of defendant(s) S. Schermitzler and Ben Walker, in discriminating against and breaching all plaintiff(s)' rights to make and enforce a contract, violated Title II of the Civil Rights Act of 1964; 42 U.S.C. §§ 2000a and 1981.

4. The actions of defendant(s) S. Schermitzler and Ben Walker, in illegally detaining, interrogating, threatening, harassing and discriminating against plaintiff(s) violated their Fourth Amendment rights under the United States Constitution.

5. The actions of defendant(s) S. Schermitzler and Ben Walker, in illegally detaining, interrogating, threatening, harassing and discriminating against plaintiff(s) violated their rights under the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.

B. Issue an injunction ordering the defendant(s) or their agents to:

1. Eliminate any and all bans that any of the defendant(s) may have placed on any of the plaintiff(s);

2. Train all employees against discrimination for at least five hours per month;

C. Award compensatory damages in the following amounts:

1. $10,000,000 for each plaintiff jointly and severally against each defendant for the mental and emotional injuries inflicted upon aforesaid plaintiff(s) by each defendant(s)' constitutional violations.

2. Lifetime free hotel suites of plaintiff(s)' choice at any of defendant(s) Marriot International and Aloft Hotel chains' locations of plaintiff(s)' choice;

3. Pay any and all college tuitions of all plaintiff(s) at any time said plaintiff(s) wish to pursue any and all college degrees at any and all colleges, universities, or schools of plaintiff(s)' choice.

D. Award punitive damages in the following amounts:

1. $10,000,000 against each defendant.

E. Grant such other relief this honorable court deems just, proper, and equitable.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated this 21st day of March, 2022:

*/s/ Aaron L. Jacobs, Jr.*
Aaron L. Jacobs, Jr.
P.O. Box 785
Green Bay, WI 54305

Dated this 21st day of March, 2022:

*/s/ Florence Gomez*
Florence E. Gomez
P.O. Box 162
3360 Cty. Hwy C.
Wabeno, WI 54566

11

Dated this 21 day of March, 2022:

_____
Michael Long
P.O. Box 785
Green Bay, WI 54305

Aaron Jacobs
P.O. Box 785
Green Bay, WI 54305



United States District Court, Eastern District of WI
362 U.S. Courthouse
517 E. Wisconsin
Milwaukee, WI
53202