UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AARON L. JACOBS, JR.,
FLORENCE GOMEZ, and
MICHAEL LONG,

        Plaintiffs,

        v.                                         Case No. 22-C-386

SCOTT SCHERMITZLER and
BEN WALKER,

        Defendants.

---

### DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

---

On March 28, 2022, Plaintiffs Aaron L. Jacobs, Florence Gomez, and Michael Long, all proceeding *pro se*, filed this action against Defendants AB hospitalities, LLC, Marriott International (collectively, the Hotel), Hotel employees Jane Doe #1 and Chelsea Devries, and Officers Scott Schermitzler and Ben Walker of the Ashwaubenon Department of Public Safety, alleging various civil rights violations. *See generally* Compl., Dkt. No. 1. On November 3, 2022, the court dismissed with prejudice the Hotel and its employees on stipulation of the parties, leaving only Officers Schermitzler and Walker as defendants. Dkt. No. 61. Before the court is the officers' motion to dismiss for failure to state a claim and on the ground that the action is barred by the applicable statute of limitations. *See* Dkt. No. 46. For the following reasons, Defendants' motion will be granted.

### LEGAL STANDARD

A motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). The court must construe a plaintiff's *pro se* allegations liberally, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Federal Rule of Civil Procedure 8 requires a pleading to include

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has clarified the standard for meeting this requirement, emphasizing the need for something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), before the doors to expensive and time-consuming discovery will be opened. The *Twombly* Court recognized the need for caution before dismissing a case at the pleading stage, and before discovery has begun, but it also noted that "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." 550 U.S. at 558 (internal quotation marks and citation omitted). The Court therefore held that it was not enough to allege the mere possibility of a claim. *Id.* at 560–61.

## ALLEGATIONS IN THE COMPLAINT

According to the complaint, Plaintiffs are all members of racial minority groups. Aaron Jacobs is Native American, Hispanic American, and African American. Compl. ¶ 2. Florence Gomez is Native American and Hispanic American. *Id.* at ¶ 3. And Michael Long is Native American and Hispanic American. *Id.* at ¶ 4. On September 28, 2018, Jacobs booked two hotel rooms at the Aloft Hotel in Green Bay, Wisconsin. *Id.* at ¶¶ 12–13. Both rooms were reserved in Jacobs' name and were paid for by him using a prepaid debit card. *Id.* at ¶¶ 15–16. Jacobs checked in at the front desk, and Plaintiffs went to their rooms. *Id.* at ¶ 17. Chelsea Devries, the front desk attendant who has since been dismissed as a defendant in this action, suspected Plaintiffs were engaged in human trafficking. *Id.* at ¶ 19. Plaintiffs' behavior that was allegedly consistent with human trafficking consisted of booking two hotel rooms under a single name and paying for them with a prepaid debit card; providing a spelling of the name "Jacobs" to the hotel that was different than the name on his ID; and entering through a side door with a child. *Id.* at ¶ 27.

2

Later that night, Jacobs went to the hotel's bar. *Id.* at ¶ 18. Because of her suspicions, Devries deactivated Jacobs' hotel key and called the Ashwaubenon Department of Public Safety. *Id.* at ¶ 19. When Jacobs asked Devries to reactivate the card, she confronted him with a series of questions concerning his immigration status, his race, and what a person "of your kind" was doing in a place like this. *Id.* at ¶ 20.

Shortly thereafter, Officers Schermitzler and Walker arrived and spoke with Jacobs. *Id.* at ¶ 21. Jacobs alleges that he did not provide his name and ID until the officers threatened to arrest and jail him. *Id.* The officers did not find any warrants for Jacobs, but according to Jacobs, they continued to "interrogate and harass" him at the hotel's bar. *Id.* at ¶ 22. At one point, the hotel's bartender interrupted and accused the officers of racial discrimination and harassment. *Id.* Devries then informed Jacobs that he and his family were no longer welcome at the hotel and needed to vacate the premises. *Id.* at ¶ 24. At Devries' request, the officers escorted Jacobs back to his room and informed both Long and the accompanying minor that the hotel wanted them to leave. *Id.* at ¶¶ 24–25. Gomez was not present at the hotel during this time and did not interact with the officers. *Id.* at ¶ 26.

At one point, Jacobs recorded the conversation with the officers and questioned them about their justification for removing them from the hotel. *Id.* at ¶ 27. Officer Schermitzler repeated what Devries had told them led her to believe they were engaged in human trafficking, and even though it was now clear that they had not been so engaged, Devries nevertheless wanted them to leave. *Id.* ¶ 27. The officers then escorted Jacobs, Long, and the accompanying minor from the premises at the hotel's request. *Id.* at ¶ 28.

Plaintiffs bring claims of civil rights violations against Officers Schermitzler and Walker pursuant to 42 U.S.C. §§ 1981, 1983, and 2000a, for racially discriminatory treatment and

violations of their rights under the Fourth and Fourteenth Amendments to the United States Constitution. *Id.* at ¶¶ 31–34. They seek declaratory, monetary, and injunctive relief. *Id.* at 9–12.

## ANALYSIS

Plaintiffs have asserted claims under three civil rights statutes—42 U.S.C. §§ 1981, 1983, and 2000a—against Officers Schermitzler and Walker, the two remaining defendants. Plaintiffs' claim under § 1981 fails as a matter of law because both Schermitzler and Walker are state actors, and § 1983 is the exclusive remedy for violations of § 1981 committed by state actors. *Campbell v. Forest Preserve Dist. of Cook Cnty., Ill.*, 752 F.3d 665, 671 (7th Cir. 2014). As for Plaintiffs' § 1983 claims against them, the officers contend they are barred by the applicable statute of limitations.

The court can consider a statute-of-limitations defense when deciding a motion to dismiss under Federal Rule of Civil Procedure 12. *See Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) ("While a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."). Plaintiffs' claims all arise from the incidents that occurred on September 28, 2018, and they commenced this action on March 28, 2022, some three-and-a-half years after the claims accrued.

"Federal law does not provide a limitations period for § 1983 claims, so courts look to the forum state's law." *Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 765 (7th Cir. 2013). Section 1983 claims "are best characterized as personal injury claims," and, consequently, courts "apply the state limitations period governing personal injury claims to all § 1983 claims." *Id.* (citing *Wilson v. Garcia*, 471 U.S. 261, 276–80 (1985)). In Wisconsin, Wis. Stat. § 893.53 provides the controlling statute of limitations for § 1983 actions. *See Gray v. Lacke*, 885 F.2d 399,

4

407–08 (7th Cir. 1989). At the time *Gray* was decided, § 893.53 provided a six-year statute of limitations. *Id.* However, the Wisconsin Legislature later chose to amend the statute of limitations to three years. *See* 2017 Act 235, § 26 (Wis. 2018). That change took effect on April 4, 2018, which is prior to the incident giving rise to this case, and thus that three-year statute of limitations applies to all three of Plaintiffs' § 1983 claims. *Woods*, 710 F.3d at 767. Since Plaintiffs did not file their complaint within the three years allowed by § 893.53, their § 1983 claims are barred.

Plaintiffs do not argue that a different limitations period applies to § 1983 claims. Instead, Plaintiffs invoke the doctrine of equitable tolling in an attempt to avoid dismissal. *See* Pls.' Br. in Opp'n at 7–12, Dkt. No. 57. "Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Mitchell v. Donchin*, 286 F.3d 447, 451 (7th Cir. 2002) (citing *Shropshear v. Corp. Counsel of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001)). "[E]ven if the defendant is not responsible for the plaintiff's failure to sue within the limitations period, the latter can get an extension of time within which to sue if it would have been unreasonable to expect him to be able to sue earlier." *Id.* An essential element of equitable tolling is that the plaintiff has exercised due diligence; in other words that he has acted reasonably. *Id.*

Plaintiffs offer several excuses for why the instant lawsuit was filed outside the limitations period—Gomez's personal-life problems, which include an abusive romantic partner and troubles with a post office box, as well as the hurdles posed by Jacobs' incarceration and Long's poor eyesight and lack of education. *See* Pls.' Br. in Opp'n at 7–10. Notably, however, none of the reasons that Plaintiffs offer for their delay prevented them from filing or obtaining the "vital information bearing on the existence of [their] claim[s]." *Mitchell*, 286 F.3d at 451. Indeed, Plaintiffs filed an identical action against the same defendants in this court approximately one year ago. According to the docket in Case No. 21-cv-00380-LA, of which the court takes judicial

notice, *see* Fed. R. Evid. 201, Plaintiffs filed essentially the same action against the same defendants on March 25, 2021, well within the three-year statute of limitations. On November 17, 2021, however, and before any of the defendants were served, that action was dismissed without prejudice for failure to prosecute on the part of some of the plaintiffs and voluntarily by Jacobs. *See* Case No. 21-cv-00380-LA, Dkt. Nos. 27, 29 & 31. That action clearly demonstrates that Plaintiffs were not prevented from filing their lawsuit within the three-year limitations period. They thus cannot invoke the doctrine of equitable tolling to save their claims from being time-barred by the applicable statutes of limitations.

There remains Plaintiffs' claim under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, which prohibits discrimination in places of public accommodation on account of race, color, religion, or national origin. The exclusive civil remedy for violations of Title II is injunctive relief, so Plaintiffs' claims for money damages would not survive. 42 U.S.C. § 2000a-3; *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968). Even aside from this limitation, the officers argue that, because they are police officers and not public accommodations, § 2000a has no application to them. But the complaint alleges that Officers Schermitzler and Walker acted in conjunction with Devries in depriving them of their hotel accommodation for racially discriminatory reasons. The alleged nexus between Devries and the officers may be enough to state a claim. *See Lance v. Plummer*, 353 F.2d 585, 591 (5th Cir. 1965) (holding that active participation of deputy sheriff with motel manager in denying service to African American patron warranted injunctive relief against deputy). The complaint, liberally construed, offers sufficient factual matter to support a plausible claim. According to the allegations of the complaint, which are accepted as true at this stage of the proceeding, Plaintiffs had paid for their accommodations, and Devries, who had apparently engaged in racial profiling, told them to leave even though they had done nothing wrong. Officers Schermitzler and Walker knew they had done nothing to justify

6

eviction, yet assisted Devries in removing them from the premises. This is enough to state a claim under § 2000a. *See, e.g.*, *Hughes v. Marc's Big Boy*, 479 F. Supp. 834 (E.D. Wis. 1979).

The officers alternatively contend that Plaintiffs' claim under § 2000a is likewise barred by the statute of limitations. As with Plaintiffs' § 1983 claims, the officers note that when there is no federally prescribed statute of limitations, "courts are to select the statute of limitations of the state cause of action most appropriate or most analogous to the plaintiff's claim." Defs.' Br. in Supp. of Mot. to Dismiss, Dkt. No. 47 at 5 (quoting *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 550–51 (7th Cir. 1996) (citations and quotation marks omitted)). The most analogous Wisconsin statute, the officers contend, is Wis. Stat. § 106.52, which, like § 2000a, prohibits discrimination in places of public accommodations. *See* Wis. Stat. § 106.52(3)(a). Under § 106.52, claims must be brought within a year of the violation of the statute. *See* Wis. Stat. § 106.52(4)(e)(2). Because Plaintiffs' action was not commenced within that one-year period, or alternatively, with the three-year statute of limitations governing personal injury actions, the officers argue that it too is barred.

It is true that Title II of the Civil Rights Act does not include its own statute of limitations. But it does not follow that the court should select an analogous state statute of limitations for such claims. Because only injunctive relief is available under Title II, it seems that no reason exists to have a statute of limitations. Unless injunctive relief is justified at the time it is requested, it should not be granted. And if injunctive relief is justified when requested, no reason would exist to deny it simply because of the passage of time. *See Brown v. Whole Foods Market Grps., Inc.*, 789 F.3d 146, 153–54 (D.C. Cir. 2015) (reversing district court's dismissal of claim under § 2000a as time-barred).

There is, however, a more serious problem with Plaintiffs' claim under § 2000a. Title II of the Civil Rights Act provides that, if an "alleged act or practice prohibited by this

7

subchapter . . . occurs in a State" with a "State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice,"

> no civil action may be brought . . . before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

§ 2000a-3(c) (emphasis added). The Seventh Circuit has held that the requirement of giving notice to the state or local authorities empowered to grant relief is jurisdictional. *Stearnes v. Baur's Opera House, Inc.*, 3 F.3d 1142, 1144–45 (7th Cir. 1993) ("A Title II plaintiff must demonstrate that he or she has met the procedural prerequisites of section 2000a-3(c) prior to filing suit in federal court." (citing *Hornick v. Noyes*, 708 F.2d 321, 323 (7th Cir. 1983), *cert. denied*, 465 U.S. 1031 (1984))).

As already noted, Wisconsin does have a state law that prohibits racial discrimination in public accommodations. Wis. Stat. § 106.52. That statute authorizes a state agency, the Equal Rights Division of the Department of Workforce Development, to grant relief for violations of Title II. § 106.52(2). The Wisconsin statute prohibits any person from denying to another the full and equal enjoyment of any public place of accommodation because of race. § 106.52(3)(a)1. The Department is empowered to investigate and, if probable cause is found, to conduct hearings and enter orders effectuating the purpose of the statute. § 106.52(4).

Because Wisconsin has a law prohibiting discrimination in public accommodations and establishing an authority empowered to grant relief from such practices, Plaintiffs were required to notify the state agency before filing their Title II claim in federal court. *Stearnes*, 3 F.3d at 1144–45. Plaintiffs have failed to allege that they have complied with the notice provisions of § 2000a-3(c). Absent such notice, this court thus lacks jurisdiction over Plaintiffs' Title II discrimination claims, and they must be dismissed. *Caldwell v. Klemz*, No. 2:14-455, 2017 WL

8

4620693, at *11 (N.D. Ind. Oct. 12, 2017). Plaintiffs' § 2000a claim will therefore be dismissed, but the dismissal is without prejudice to allow Plaintiffs to replead in the event they can truthfully allege that they gave notice of the public-accommodations claim to the Wisconsin Equal Rights Division of the Department before filing their federal § 2000a claim. If they are unable to do so, that claim will also be dismissed with prejudice.

Finally, Plaintiffs filed a proposed amended complaint. Dkt. No. 52. Upon examination, the amended complaint appears to be identical to the original complaint, except that the amended complaint removes redactions of Plaintiffs' birthdays and corrects the name of one of the now-dismissed defendants. At the stage of the proceedings in which it was filed, Plaintiffs could not file an amended complaint as a matter of course. Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within "21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." *See* Fed. R. Civ. P. 15(a)(1)(A)–(B). Neither condition applies here. The original complaint was filed in March of 2022, and the proposed amended complaint was filed in October; that is far outside the 21-day window permitted by Rule 15. *See* Fed. R. Civ. P. 15(a)(1)(A). In addition, the proposed amended complaint was filed far outside the window to respond to Defendants' motion to dismiss—also 21 days. *See* Civil L.R. 7(b). Finally, the amended complaint does not alter the analysis set forth herein.

**IT IS THEREFORE ORDERED** that Plaintiffs' proposed amended complaint (Dkt. No. 52), which could not have been filed as a matter of course is **STRICKEN** for failure to follow procedure. In any event, the proposed changes are immaterial to Plaintiffs' action.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (Dkt. No. 46) is **GRANTED**. Plaintiffs' claims under §§ 1981 and 1983 are barred by the statute of limitations

9

and are therefore dismissed with prejudice. Plaintiffs' § 2000a claim is dismissed without prejudice, conditioned upon Plaintiffs filing an amended complaint within 21 days of this order curing the defect described herein. Failure to file an amended complaint within that time period may result in dismissal of the action with prejudice.

Plaintiffs are advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted).

Dated at Green Bay, Wisconsin this <u>1st</u> day of December, 2022.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge